IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRESIDENT AND FELLOWS
OF HARVARD COLLEGE,

      Plaintiff,

v.                                                  No. CIV 15-00472-RB/KK

STEVE ELMORE,

      Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

This Amended Memorandum Opinion and Order corrects Memorandum Opinion and Order (Doc. 57), which inadvertently denied the Motion for Preliminary Injunction (Doc. 5) instead of the Motion to Strike First Amended Complaint (Doc. 20).

Plaintiff President and Fellows of Harvard College (Harvard) filed a Complaint for Injunction and Damages (Doc. 1), which Harvard later sought to amend through its First Amended Complaint for Injunction and Damages (Doc. 17). Defendant Steve Elmore then filed a Motion to Strike First Amended Complaint (Doc. 20), now before the Court. Having reviewed the parties' submissions and arguments, the Court **DENIES** this motion.

**I.     BACKGROUND**

This suit involves a dispute regarding publication of Mr. Elmore's book, *In Search of Nampeyo: The Early Years, 1875–1892*. (Doc. 1 ¶¶ 1, 28.) Harvard alleges that the book contains unauthorized photographs taken of pottery in Harvard's Keam collection, copyright protected images depicting the pottery, and the false attribution that "all . . . photographs and

illustrations [are] courtesy of the Peabody Museum of Archaeology and Ethnology, Harvard University." (*Id.* at ¶¶ 1, 6, 8.) Harvard filed suit against Mr. Elmore on June 4, 2015. (Doc. 1.) Mr. Elmore then filed a Motion to Dismiss, Stay, or Abstain. (Doc. 13.) On July 28, 2014, Harvard filed its First Amended Complaint for Injunction and Damages. (Doc. 17.) Mr. Elmore filed his Answer to Complaint for Injunction and Damages and Counter Claim on August 4, 2015. (Doc. 22.)

Mr. Elmore moves to strike the Amended Complaint because it "was filed more than 21 days after the original Complaint, and more than 21 days after [Mr. Elmore's] acceptance of service of the original Complaint." (Doc. 20 ¶ 4.) In the alternative, Mr. Elmore argues that Harvard's Amended Complaint was not timely because Harvard filed it before Mr. Elmore filed his Answer. (Doc. 32 ¶ 7.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course. To do so, the party must amend its pleading "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). A complaint is a pleading. *See* Fed. R. Civ. P. 7(a).

## III.   DISCUSSION

Harvard's Amended Complaint does not require leave from the Court or consent from Mr. Elmore because Harvard filed it "within . . . 21 days after service of a responsive pleading." *See* Fed. R. Civ. P. 15(a)(1)(B). The Motion to Dismiss, Stay, or Abstain does not impact the deadline because it was not filed pursuant to Rule 12(b), (e), or (f). *See id.*; (Doc. 20 at 2.) However, a complaint is a pleading "to which a responsive pleading is required." *See* Fed. R.

Civ. P. 12(a) (providing time limits by which "[a] defendant must serve an answer"). Thus, Harvard had until 21 days after Mr. Elmore served his answer to amend its complaint. *See* Fed. R. Civ. P. 15(a)(1)(B).

Mr. Elmore filed his answer on August 4, 2015 (Doc. 22), giving Harvard until August 25, 2015, to amend its complaint. *See* Fed. R. Civ. P 15(a)(1)(B). Harvard filed its Amended Complaint on July 28, 2015 (Doc. 17), well before the deadline to amend as a matter of course. Rule 15(a)(1)(B) does not prohibit the plaintiff from amending a pleading before the defendant files a response. In 2009, an amendment to Rule 15(a)(1)(B) extended the deadline from before a responsive pleading is filed to 21 days after a responsive pleading is filed. Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. However, the change did not limit amendments to that 21-day period. *See id.* (noting that "the right to amend once as a matter of course *is no longer terminated* by service of a responsive pleading) (emphasis added). Thus, Harvard filed its Amended Complaint within the period allowed to amend as a matter of course.

IV.   **CONCLUSION**

Harvard properly exercised its right to amend its Complaint as a matter of course because Harvard filed the Amended Complaint within 21 days after service of Mr. Elmore's Answer.

**THEREFORE**,

**IT IS ORDERED** that the Mr. Elmore's Motion to Strike Amended Complaint (Doc. 20) is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

3