IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PRESIDENT AND FELLOWS
OF HARVARD COLLEGE,

      Plaintiff,

v.                                No. CIV 15-00472 RB/KK

STEVE ELMORE,

      Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Steve Elmore's Motion to Dismiss, Stay, or Abstain (Doc. 13). Mr. Elmore requests that the Court "abstain from maintaining jurisdiction" in light of a parallel proceeding in state court. (*Id.* at 3.) Having reviewed the parties' submissions and arguments, the Court **DENIES** the Motion.

**I.    BACKGROUND**

This suit is about a book, *In Search of Nampeyo: The Early Years, 1875–1892*, published by Mr. Elmore. (Doc. 1 ¶¶ 1, 28.) Harvard alleges that the book contains unauthorized photographs of pottery in Harvard's Keam collection, copyright protected images from another publication, *Historic Hopi Ceramics*, and the false statement that "all . . . photographs and illustrations [are] courtesy of the Peabody Museum of Archeology and Ethnology, Harvard University." (*Id.* at ¶¶ 1, 6, 8.) Concerned about its reputation, Harvard filed this suit on June 4, 2015, alleging copyright infringement, breach of contract, and false designation of origin. (*Id.* at ¶¶ 43–64; *see also* Doc. 17 at 44–65.) Two weeks later, Harvard filed a Motion for Preliminary

Injunction to enjoin Mr. Elmore "from further advertising, selling, offering, for sale, distribution, or other exploitation" of the book. (Doc. 5 at 25.) Harvard also seeks, among other relief, permanent injunctive relief, "liquidated damages of $10,000 for each personal photograph published," and statutory damages pursuant to 17 U.S.C. § 504(c). (Doc. 17 at 14–15.)

On June 24, 2015, Mr. Elmore, along with Steve Elmore Photography, Inc., Steve Elmore Indian Art, and Spirit Bird Press, decided to fire back, but they did so in state court. In addition to Harvard, Mr. Elmore, et al. sued the Peabody Museum of Archaeology and Ethnology, the Peabody Museum Press, Joan K. O'Donnell, and Lea McChesney. (Doc. 23 at 1–2.) In the state case, Mr. Elmore et al. allege breach of contract, breach of covenant of good faith and fair dealing, tortious interference with contractual relations, tortious interference with prospective contractual relations, conversion, misappropriation of intellectual property, prima facie tort, civil conspiracy, and unjust enrichment, and seek a declaration of their rights pursuant to N.M. Stat. Ann. § 44-6-4 (1978). (Docs. 13-1 ¶ 30; 13 at 20.) After filing in state court, Mr. Elmore filed a Motion to Dismiss, Stay, or Abstain in this Court. (*Id.*) The Court has also scheduled a hearing on Harvard's Motion for Preliminary Injunction (Doc. 5) for December 7, 2015. (Doc. 53.)

The parties have since filed additional motions and pleadings. Harvard amended its complaint (Doc. 17), which Mr. Elmore moved to strike (Doc. 20). The Court denied the Motion to Strike. (Doc. 58.) In his Answer to the Complaint, Mr. Elmore filed a counterclaim, alleging similar claims to those alleged in state court. (Doc. 22.) Harvard then filed a Motion to Dismiss Mr. Elmore's counterclaims. (Doc. 37.) The parties participated in a scheduling conference, and the Court has adopted the Joint Status Report and Provisional Discovery Plan. (Doc. 40.)

In his Motion to Dismiss, Stay, or Abstain, Mr. Elmore requests that the Court refrain from exercising jurisdiction "based on considerations of wise judicial administration." (Doc. 13

at 3.)  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

## II. LEGAL STANDARD

Generally, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River*, 424 U.S. at 817.  The mere fact that parallel proceedings exist in state court doesn't bar a federal court from retaining jurisdiction of proceedings concerning the same matter.  *Id.*  District courts may exercise discretion to consider pre-answer motions involving abstention or surrender of jurisdiction, *see Foxfield Villa Associates, LLC v. Regnier*, 918 F. Supp. 2d 1192, 1196 (D. Kan. 2013), but in such cases, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colorado River*, 424 U.S. at 813.

When a court refrains from exercising jurisdiction under the *Colorado River* doctrine, the decision is not actually based on abstention, but on "considerations of wise judicial administration."  *Id.* (internal quotations removed).  Dismissal under the *Colorado River* doctrine is even more limited than dismissal under abstention.  *Id.* at 818.  In these cases, courts do not look for a reason to exercise federal jurisdiction, but rather to "ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26 (1983).

Federal district courts also have discretion to refuse to consider otherwise justiciable declaratory actions, because although "the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights[,] it did not impose a duty to do so.' " *Mhoon*, 31 F.3d at 982 (*quoting Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

### III.   DISCUSSION

#### A. *Colorado River Doctrine*

In rare cases, exceptional circumstances may create a "combination of factors counselling [sic] against" federal judicial review.  *Colorado River*, 424 U.S. at 818–19.  To refrain from exercising jurisdiction under the *Colorado River* doctrine, district courts must first determine whether the federal and state proceedings are parallel.  *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Id.*  For parallel proceedings, *Colorado River* described four nonexclusive factors to determine whether to refrain from exercise: (1) cases where "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts"; (2) "inconvenience of a federal forum"; (3) "the desirability of avoiding piecemeal litigation"; and (4) "the order in which jurisdiction was obtained by the concurrent forums."  *Colorado River*, 424 U.S. at 818.  Other potential factors include the source of law at issue in the case, *Moses H. Cone Mem'l Hosp*, 460 U.S. at 25, and the "inadequacy of the state-court proceeding to protect" the federal plaintiff's rights, *id.* at 26.

The state and federal actions in this case are parallel proceedings.  Based on Mr. Elmore's request for a declaratory judgment in state court (Doc. 13-1 ¶ 30), Mr. Elmore's corresponding counterclaim in federal court (Doc. 22 ¶¶ 78–82), and Harvard's claims in federal court (Doc. 17 ¶¶ 44–65), the state and federal proceedings will consider the same issues.  Both cases must resolve who has the right to use the photographs in the manuscript, who has the right to use depictions allegedly based on images from *Historic Hopi Ceramics*, and the effect of attributing these images to Harvard, the Museum, and the Keam collection.  Thus, the proceedings are parallel.  *See Fox*, 16 F.3d at 1081.

However, no exceptional circumstances exist to compel the Court to refrain from exercising its jurisdiction over the matter pursuant to the *Colorado River* doctrine. The first and the fourth factors listed in *Colorado River* clearly weigh in favor of federal review. Unlike *Colorado River*, this dispute involves no property, in that case water rights, over which the state assumes jurisdiction. *See Colorado River*, 424 U.S. at 804 (describing southwestern states' "elaborate procedures for allocation of water and adjudication of conflicting claims to" water rights). In fact, federal courts are the sole adjudicators for actions to protect property pursuant to copyright law, such as the images in *Historic Hopi Ceramics*. *See* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."). Regarding the fourth factor, Harvard filed its action in federal court before Mr. Elmore filed his action in state court. (*See* Doc. 1 (indicating Harvard filed its Complaint on June 4, 2015); Doc. 23 at 1–2 (stating that Mr. Elmore filed his state action on June 24, 2015). Moreover, this case has progressed through the various filings and decisions described *supra* at 2. Thus, neither the first nor fourth factors present an exceptional circumstance to counsel against federal judicial review of this case.

The remaining factors either weigh in favor of a federal forum or fail to establish "exceptional circumstances" to weigh against the obligation to exercise jurisdiction. The federal forum was especially inconvenient in *Colorado River*, because the Government filed suit against "some 1,000 water users" in a court 300 miles from all the water rights at issue. *Colorado River*, 424 U.S. at 805. Conversely, inconvenience of the federal forum can weigh in favor of the federal court where the federal and state courts "are in the same geographic region." *See Int'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1284 (N.D. Okla. 2007). Here, Mr. Elmore's potential inconvenience is certainly less than the cumulative inconvenience of the 1,000 water

users in *Colorado River*.  Moreover, the only inconvenience Mr. Elmore asserts is that he and the other "[p]laintiffs in the state court proceeding cannot be afforded full relief in [the federal] case because the inclusion of the individual [d]efendants in [the federal case] will destroy diversity . . . ."  Since the suit is premised on federal question jurisdiction, *see* 28 U.S.C. §§ 1331, 1338(a), Mr. Elmore may join other defendants named in the state suit without affecting federal jurisdiction.  As such, Mr. Elmore proffers no exceptional circumstance to demonstrate that the federal forum is significantly more inconvenient than the state forum.

This litigation will likely remain piecemealed between the state and federal courts; however, the result here is far less a concern than it was in *Colorado River*.  *See Colorado River*, 424 U.S. at 819.  In *Colorado River*, "[t]he most important [factor was] the McCarran Amendment itself," because the McCarran Amendment established "clear federal policy [against] piecemeal adjudication of water rights in a river system."  *Id.*  Thus, the "desirability of avoiding piecemeal adjudication" was especially strong in that case.  *Id.*; *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1189 (10th Cir. 2015) (determining that this factor weighed in favor of federal review because exclusive federal jurisdiction over certain claims would necessarily result in piecemeal litigation).  Unlike *Colorado River*, there is no evidence of congressional intent to avoid piecemeal litigation.  In fact, piecemeal litigation will necessarily persist as long as Harvard continues to pursue its copyright claims, because federal courts retain exclusive jurisdiction over these claims.  *See* 28 U.S.C. § 1338(a).  Consequently, this factor also weighs in favor of federal review.

Similarly, the additional factors outlined in *Moses H. Cone Mem'l Hosp.* further support federal jurisdiction.  "Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender [of federal jurisdiction] . . . , the presence of federal-law issues

must always be a major consideration weighing against surrender." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26. Here, the federal case contains both federal and state law issues, and consequently the federal copyright and trademark laws establish "a major consideration weighing against surrender" of federal jurisdiction. *See id.*

Relatedly, this Court will not surrender jurisdiction because the state court cannot sufficiently protect Harvard's rights. *See id; see also Colorado River*, 424 U.S. at 809 (noting that "dismissal clearly would have been inappropriate if the state court had no jurisdiction to decide" the government's claims on behalf of Native American tribes). The state court cannot review Harvard's copyright claim. *See* 28 U.S.C. 1338(a). Although Mr. Elmore alleges that Harvard's copyright claim is nothing more than a contract dispute, and thus not confined to federal jurisdiction (Doc. 28 at 7–8), Harvard's copyright claim is certainly federal in that it seeks relief pursuant to 17 U.S.C. § 504(c) (Doc. 17 at 14). *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1050 (10th Cir. 2006) ("[A] suit arises under the Copyright Act if . . . [t]he complaint is for a remedy expressly granted by the Act . . . .") Thus, the state court can neither consider Harvard's preliminary injunction nor any counterclaim to assert Harvard's copyrights, and Harvard would be without relief without federal review.

Arguably, a stay of litigation could protect Harvard's rights by retaining jurisdiction to decide the federal matters while allowing the state court to first resolve the contract dispute. (*See* Doc. 13 at 23.) However,

> a stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

7

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.  If Harvard were to win the contract dispute in state court, it would not resolve the copyright infringement claim.  This Court would still have to determine if the photographs in *Historic Hopi Ceramics* were copyrightable.  (*See* Doc. 13 at 17.)  Consequently, it is unclear that the state court could provide a complete resolution regarding the copyright claim.

Since this case fails to establish any exceptional circumstances to surrender review, either through dismissal or to allow a stay, the *Colorado River* doctrine does not apply.

### B. *Declaratory Judgments under* **Mhoon**

Federal district courts are also "under no compulsion to exercise jurisdiction" pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 400 where a state court proceeding could fully adjudicate all matters.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942); *see also Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.").  Federal courts may deny review because "the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights[;] it did not impose a duty to do so.' " *Mhoon*, 31 F.3d at 982 (*quoting Rickover*, 369 U.S. at 112); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1179–80 (10th Cir. 2002) ("[D]istrict courts have unique and substantial discretion in determining whether to declare the rights of litigants when duplicative state proceedings exist.") (internal quotations omitted).  As such, courts may refuse jurisdiction of a federal declaratory judgment claim if the declaration of rights will not "serve to clarify or settle legal relations" or "will not terminate or afford relief from the uncertainty arising from the proceeding."  *Mhoon*, 31 F.3d at 983 (establishing a list of factors to evaluate these considerations).

The *Mhoon* factors don't apply in this case, however.  The only declaratory relief sought is before the state court.  Although federal district courts "*may declare* the rights and other legal relations" through the Declaratory Judgment Act, *Kunkel* 866 F.2d at 1273, this Court has no similar permission to refuse jurisdiction for preliminary injunctions, copyright claims, or pendant state claims alleging damages.  *See Sinclair Oil Corp. v. Amoco Prod. Co.*, 982 F.2d 437, 440 (10th Cir. 1992) ("[U]nlike coercive actions, declaratory actions do not invoke the federal judiciary's virtually unflagging obligation to exercise its jurisdiction.") (internal quotations removed); *see also City of Las Cruces*, 289 F.3d at 1181 ("[I]n a suit seeking coercive relief as well as declaratory relief, [the] broad *Brillhart* standard [is] inappropriate.").  Consequently, this Court can't avoid jurisdiction over this case by denying permissive jurisdiction over declaratory judgments.

Mr. Elmore asserts that the *Mhoon* factors should apply, in part because federal jurisdiction would increase friction between the federal and state courts and the state court proceeding would "present a more logical, and efficient treatment of this case."  (Doc. 13 at 23–24.)  Specifically, Mr. Elmore argues that the state court's decision on Mr. Elmore's contract claims would clarify the "meaning of each agreement and . . . likely inform this Court on whether Harvard has a viable copyright claim and false designation of origin claim."  *Id.*

Mr. Elmore has not articulated any standard, outside of *Mhoon* and the *Colorado River* doctrine to support this argument.  Absent *Mhoon*'s requirement for a federal declaratory action and the more complex interplay of factors provided by the *Colorado River* doctrine, Mr. Elmore merely asserts that parallel proceedings currently exist and the federal proceedings involve state claims.  However, "a federal court will not and should not shy away from contemporaneously exercising concurrent jurisdiction with a state court in the ordinary course of things."  *D.A.*

9

*Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013). Without more, federal review involving state contract law is well within the "ordinary course of things." *See id.* at 1227–28, 1235 (distinguishing that case's parallel suits involving a contract's arbitration clause from the situation in *Moses H. Cone Mem'l Hosp.* and upholding abstention because of the "paramount consideration" that the state litigation had been ongoing for four years).

## IV. CONCLUSION

This case presents a dispute between parties over a contract, copyrighted materials, and use of trademarked names. The dispute is unexceptional in any way that would implicate the *Colorado River* doctrine. Since Harvard seeks coercive relief rather than a mere declaratory judgment, the Court has no discretion to surrender jurisdiction pursuant to the *Mhoon* factors. Rather, this Court must assert its "virtually unflagging obligation . . . to exercise the jurisdiction given" to it. *Colorado River*, 424 U.S. at 817.

**THEREFORE**,

**IT IS ORDERED** that Defendant Steve Elmore's Motion to Dismiss, Stay, or Abstain (Doc. 13) is **DENIED**.

*[signature]*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**