IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRESIDENT AND FELLOWS
OF HARVARD COLLEGE,

      Plaintiff,

      vs.                                          Civ. No. 15-472  RB/KK

STEVE ELMORE and STEVE
ELMORE PHOTOGRAPHY, INC.,

      Defendants.

## ORDER REGARDING PLAINTIFF'S EXPEDITED MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiff's Expedited Motion to Compel (Doc. 62), filed November 23, 2015.  The sole remaining issue is whether the work-product doctrine protects from disclosure any of the challenged documents authored by non-attorney witness Mark Diederichsen.  After reviewing the challenged documents *in camera* and considering Defendant Elmore's Supplemental Briefing on Plaintiff's Expedited Motion to Compel (Doc. 77), filed on December 14, 2015, and Plaintiff's Supplemental Briefing on Plaintiff's Expedited Motion to Compel (Doc. 80), filed December 28, 2015, the Court concludes that the withheld documents are relevant and proportional to the needs of the case, and are not protected work product. The Court therefore **FINDS** that Plaintiff's motion to compel these materials is well-taken and should be **GRANTED**.

Discovery serves an important purpose in our adversarial system:  "advancing the quest for truth."  *Taylor v. Illinois*, 484 U.S. 400, 430 (1988).  A party may request any other party to produce and permit inspection and copying of "any designated documents" in the party's custody or control that contain matters within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a). Certain

materials, however, are expressly immune from discovery unless particular showings are made. Rule 26(b)(3) sets forth what is commonly called the "work-product doctrine," and provides that

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:  (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . .  If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A), (B).  The work-product doctrine is interpreted under both Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).  *See In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006).

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*United States v. Nobles*, 422 U.S. 225, 238-39 (1975).  The party asserting work-product protection has the burden of demonstrating that it applies.  *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984).  A blanket assertion of the work-product doctrine does not satisfy the burden of the party asserting the protection.  *Burke v. Glanz*, 2013 WL 3994634, at *1 (N.D. Okla. Aug. 5, 2013); *Kannaday v. Ball*, 292 F.R.D. 640, 645 (D. Kan. 2013); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also Valencia v. Colo. Cas. Ins. Co.*, 2007 WL 5685148, at *9 (D.N.M. Dec. 6, 2007) ("bald" assertion of privilege is insufficient).

"[I]n order to establish work product[] protection for a document, a discovery opponent must show that 'the primary motivating purpose behind the creation of a document . . . must be

to aid in possible future litigation[.]'" *Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 500 (N.D. Ill. 2001); *see also Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982) ("[T]he primary motivating purpose behind the creation of a document or investigative report must be to aid in possible litigation."). The work-product doctrine "does not protect facts concerning the creation of work product or facts contained within work product." *Sanchez v. Matta*, 229 F.R.D. 649, 655 (D.N.M. 2004).

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). "This detailed and specific showing . . . is typically presented in the form of a privilege log." *Kannaday*, 292 F.R.D. at 645. The work-product doctrine, like any other privilege limiting discovery, is narrowly and strictly construed. *See e.g., Mims v. Dallas Cnty.*, 230 F.R.D. 479, 484 (N.D. Tex. 2005) ("Like all privileges, the work product doctrine must be strictly construed."); *McCook Metals LLC v. Alcoa Inc.*, 192 F.R.D. 242, 260 (N.D. Ill. 2000) (the work-product doctrine "significantly restricts the scope of discovery and must be narrowly construed in order to aid in the search for the truth").

Defendant Elmore has failed to establish that the material is protected work product. The Court is not convinced that Mr. Diederichsen was acting in an agency or indemnitor's capacity when he authored the e-mails at issue. Defendant has not submitted an affidavit from Mr. Diederichsen to support the contention that he prepared the material in either capacity or that he authored the e-mails at the direction of an attorney. While it appears that Mr. Diederichsen authored the documents at times when litigation was either anticipated or had already commenced, and did so to assist Defendant through Mr. Diederichsen's layperson legal

brainstorming, this is simply not enough to warrant cloaking the materials with work-product protection.

Rule 26(b)(3)'s use of the phrase "'party or its representative' implies agency, and each of the six listed examples connotes someone acting in either an agency or fiduciary capacity for the 'party or its representative.'" *Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1184 (10th Cir. 2013). "Clearly, agents of a party or its representative, who *stand in the legal shoes of the party*, are entitled to the same work-product protections as the party itself." *Id.* (emphasis added). There is no evidence that Mr. Diederichsen was acting in any type of legal agency capacity for Defendant Elmore or that he had the authority to act on Defendant Elmore's behalf for purposes of this litigation when he authored the emails. *See id.*, ("No showing has been made that an expert would have capacity to act on behalf of a party in this case."). Because Defendant Elmore has failed make a sufficient showing that the e-mails in question were materials prepared in anticipation of litigation by his *representative*, the Court will compel discovery of those materials.

**WHEREFORE, IT IS ORDERED** that Plaintiff's Emergency Motion to Compel is **GRANTED**. Defendant Elmore shall immediately produce the withheld e-mails authored by witness Mark Diederichsen to Plaintiff.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**